**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEBRA ROBELLO,

        Plaintiff-Appellant,

v.

MANDALAY CORP., DBA Mandalay
Bay Resort & Casino; JESSE ESTRADA;
BARTENDERS UNION LOCAL 165,
Consol,

        Defendants-Appellees.

No.   17-15714

D.C. No.
2:14-cv-00456-APG-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted October 11, 2018[**]
San Francisco, California

Before: McKEOWN, W. FLETCHER, and BYBEE, Circuit Judges.

    Plaintiff Debra Robello appeals the district court's order granting summary

judgment in favor of Mandalay Corporation ("Mandalay Bay") and Bartenders

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Union Local 165 ("Local 165"). Robello alleges that a co-worker, Jesse Estrada, sexually assaulted her during work at Mandalay Bay by grabbing her breasts. Robello filed suit against Mandalay Bay and Local 165 under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court.

We review the district court's summary judgment decision de novo. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011). We view all evidence in the light most favorable to Robello as the non-moving party and draw all justifiable inferences in her favor. *Id.*

Robello argues that Mandalay Bay is liable under Title VII for creating or tolerating a hostile work environment based on sexual harassment. We disagree. To prevail on a hostile work environment claim under Title VII for sexual harassment, a plaintiff must show that the conduct was "sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.'" *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) (alteration in original) (quoting *Henson v. City of Dundee*, 682 F.2d 897, 904 (11th Cir. 1982)). In addition, where, as here, harassment by a co-worker is at issue, "the employer can be held liable only where 'its own negligence is a cause of the harassment.'" *Swenson v. Potter*, 271 F.3d 1184, 1191 (9th Cir. 2001) (quoting

2

*Burlington Indus. v. Ellerth*, 524 U.S. 742, 759 (1998)). Under the negligence standard, an employer must "take prompt corrective action that is 'reasonably calculated to end the harassment.'" *Id.* at 1192 (quoting *Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 875 (9th Cir. 2001)). Here, the conduct was not sufficiently severe or pervasive such that the conditions of Robello's employment were altered. *See Brooks v. City of San Mateo*, 229 F.3d 917, 923–27 (9th Cir. 2000) (holding that a similar single instance of sexual harassment was not sufficiently severe or pervasive to establish a hostile work environment claim). In addition, Mandalay Bay took "prompt corrective action that [was] 'reasonably calculated to end the harassment'" when it immediately suspended Estrada, conducted a formal investigation, terminated Estrada, and, after later reinstating Estrada, minimized contact between Robello and Estrada by ensuring they are not scheduled to work at the same or adjacent work locations. *Swenson*, 271 F.3d at 1192 (quoting *Nichols*, 256 F.3d at 875); *see also Brooks*, 229 F.3d at 923–27.

Robello also argues that Local 165 caused Mandalay Bay to discriminate against her by pursuing Estrada's grievance. *See* 42 U.S.C. § 2000e-2(c)(3) (making it unlawful for a union "to cause or attempt to cause an employer to discriminate against an individual"). However, as we have already concluded, Mandalay Bay did not discriminate against Robello, even though it ultimately

3

reinstated Estrada. Because reinstating Estrada was not discrimination against Robello within the meaning of Title VII, Local 165 did not cause or attempt to cause discrimination by advocating for Estrada's reinstatement, and therefore cannot be liable under 42 U.S.C. § 2000e-2(c)(3).

Lastly, Robello argues that Mandalay Bay and Local 165 are liable under Title VII for retaliation. *See* 42 U.S.C. § 2000e-3(a). To defeat summary judgment on a retaliation claim under Title VII, a plaintiff must show that "(1) she engaged in activity protected under Title VII, (2) the employer subjected her to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action." *Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000); *see also Brooks*, 229 F.3d at 928–30. Robello has not shown that her retaliation claims against Mandalay Bay and Local 165 qualify as "adverse employment decision[s]" or that there is a causal connection between her complaint and the actions of Mandalay Bay and Local 165.

**AFFIRMED.**